**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

ANDREW JUDE THOMPSON,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　Petitioner,　　)
v.　　　　　　　　　　　　　　　)　　　　Case No. CIV-10-1257-D
　　　　　　　　　　　　　　　　)
ERIC FRANKLIN, WARDEN,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　Respondent.　)

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Andrew Jude Thompson, represented by counsel, challenges his conviction in Case No. CF-2006-8074, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##12-13), contending the Petition should be dismissed on grounds Petitioner has failed to exhaust his state remedies prior to bringing this federal habeas action. Petitioner has filed a response to the Motion (*see* Doc. #15), and the matter is at issue. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed without prejudice on grounds that Petitioner has not exhausted state remedies.

## I.　Background and Case History

On November 25, 2009, Petitioner pled guilty to First Degree Manslaughter in violation of Okla. Stat. tit. 21, § 711 (Count 1); Second Degree Forgery in violation of Okla. Stat. tit. 21, § 1561 *et seq.* (Count 2) and five counts of Possession of a Taken Credit Card in violation of Okla. Stat. tit. 21, § 1550.1 *et seq.* (Counts 3-7), Case No. CF-2006-8074,

District Court of Oklahoma County, State of Oklahoma. On Count 1, Petitioner was sentenced to forty-five years imprisonment, with all but the first thirty-three years suspended. On Count 2, Petitioner was sentenced to seven years imprisonment. And, on Counts 3-7, Petitioner was sentenced to three years imprisonment on each count. Petitioner's sentences were ordered to run concurrently. *See* Brief in Support of Motion to Dismiss [Doc. #13], Exhibit 1, Docket, Case No. CF-2006-8074, District Court of Oklahoma County, State of Oklahoma (Docket).

Petitioner has not filed an application to withdraw his guilty plea as required under Oklahoma law. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18. Nor has Petitioner filed any appeal of his conviction to the Oklahoma Court of Criminal Appeals (OCCA). *See* Docket.

On November 23, 2010, Petitioner filed the instant Petition [Doc. #1]. He seeks federal habeas relief on the following two grounds: (1) Petitioner's guilty plea was not knowingly, voluntarily or willingly entered; and (2) Petitioner received ineffective assistance of trial counsel. On December 22, 2010, after filing the instant action in this Court, Petitioner filed an Application for Post-Conviction Relief in the state district court. *See* Docket, Application for Post-Conviction Relief (filed December 22, 2010). As of the date of the filing of this Report and Recommendation, Petitioner's Application for Post-Conviction Relief remains pending before the state district court.[1]

---

[1]Respondent has attached the state court docket as Exhibit 1 to the Motion to Dismiss. The copy of the docket is current through January 18, 2011. For entries subsequent to January 18, 2011, the Court takes judicial notice of the state court docket, available at www.oscn.net.

## II.  **Analysis**

"A state prisoner seeking federal habeas relief must first exhaust available state court remedies by raising the substance of his or her claims in state court and invoking one complete round of the state's appellate review process, including discretionary review." *Weatherhall v. Sloan*, 630 F.3d 987, 989 (10th Cir. 2011) *citing* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845-47 (1999).  The record clearly shows Petitioner has not completed exhaustion of state court remedies.

In responding to the Motion to Dismiss, Petitioner, represented by counsel, does not refute that he has not exhausted state remedies.  *See* Response [Doc. #15].  Instead, Petitioner responds: "[t]he best way for Petitioner to preserve all issues for future habeas corpus review is a dismissal of the petition without prejudice to refiling after Petitioner exhausts his state court remedies."  *See id*. at 1.  Petitioner further states: "Petitioner does not object to dismissal of the Petition on file herein for subsequent habeas review and relief."  *See id*. at 2.

Petitioner recognizes, however, that a one-year limitations period, *see* 28 U.S.C. § 2244(d), governs his federal habeas claims.  *See* Response at 1 ("Petitioner is also mindful of the one year statute of limitations imposed on habeas corpus relief imposed by 28 U.S.C., Section 2254, and in the original Petition sought to protect not only the issues which are being reviewed by the state court in Oklahoma County, but to also preserve habeas review of Petitioner's claims within the time limitations to file for habeas corpus relief with this Court.").  The one-year limitations period governing Petitioner's habeas claims is not tolled

3

during the time the instant federal habeas petition has been pending in this Court. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that the interplay between the exhaustion requirement and the limitations period governing federal habeas actions often results in difficulty for prisoners, especially when they are proceeding *pro se*. The Supreme Court modified the rule set forth in *Rose v. Lundy* governing mixed petitions, *i.e.*, petitions containing both exhausted and unexhausted claims. The Court recognized that federal district courts "ordinarily have authority to issue stays[.]" *Rhines* at 276. The Court concluded that a district court can grant a stay to a habeas petitioner and hold the case in abeyance while the petitioner exhausts state court remedies, provided that the stay is "compatible with AEDPA's purposes." *Id.*

To be entitled to such a stay, however, the petitioner must demonstrate: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id.*, 544 U.S. at 277(addressing propriety of stay in context of mixed habeas petition brought pursuant to 28 U.S.C. § 2254).

Here, Petitioner has not filed a mixed petition, but rather a petition containing entirely unexhausted claims. The Tenth Circuit has not yet decided "whether the procedure in *Rhines* applies to totally unexhausted petitions." *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished op.). "Traditionally, when [as here] a petition

4

contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *Id*. "[S]tay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *Id*. (*citing Rhines*, 544 U.S. at 277). In *Hickman*, the Tenth Circuit concluded that the district court's refusal to stay a petition containing only unexhausted claims did not constitute an abuse of discretion. *Id*.

Petitioner has not requested a stay of this habeas action pending exhaustion of state administrative remedies. And, even if *Rhines* were to apply to Petitioner's totally unexhausted Petition, Petitioner has not addressed any of the *Rhines* factors to demonstrate that a stay would be proper. Under these circumstances, it is recommended that the Petition be dismissed without prejudice for failure to exhaust state remedies.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ##12-13] be granted and the Petition be dismissed without prejudice for failure to exhaust state remedies.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March __28th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation, if adopted, does not dispose of all matters referred by the District Judge in this case and does not terminate the referral.

DATED this __7th__ day of March, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE